S04A0939. HARVEY v. ROBINSON.
(602 SE2d 615)

CARLEY, Justice.

In the November 2003 election for mayor of the City of Lenox, there were two candidates. The incumbent, James Robinson (Appellee) was challenged by Paul Harvey (Appellant). After the votes were counted, Appellant was ahead by 30 votes. However, Appellee filed an election challenge pursuant to OCGA § 21-2-524, alleging that Appellant was ineligible to hold the office of mayor because he was not a qualified elector as required by the municipal charter and by the Georgia Constitution. After conducting a hearing, the trial court concluded that Appellant was not eligible to hold office because he was not a registered voter and that Appellee was, therefore, the duly elected mayor of the City. Appellant filed a notice of appeal from that order.

"No person who is not a registered voter . . . shall be eligible to hold any office or appointment of honor or trust in this state." Ga. Const. of 1983, Art. II, Sec. II, Par. III. Consistent with this constitutional requirement, the municipal charter provides that the "mayor shall be a qualified elector of this city and shall have been a resident of this city for twelve (12) months immediately preceding the mayor's election." "The General Assembly shall provide by law for the registration of electors." Ga. Const. of 1983, Art. II, Sec. I, Par. II. "The object of the voter registration law 'is to insure and sustain the integrity of public elections . . . .' [Cit.]" *Johnson v. Byrd*, 263 Ga. 173, 174 (2) (429 SE2d 923) (1993). "Registration laws are the means or machinery under which proofs are furnished showing the existence of the voter's qualifications. [Cits.]" *Franklin v. Harper*, 205 Ga. 779,

790 (3) (55 SE2d 221) (1949). "The Secretary of State shall establish and maintain a list of all eligible and qualified registered electors in this state which shall be the official list of electors for use in all elections in this state conducted under this title." OCGA § 21-2-211 (a). "[T]he list of registered voters is essential to show who are prima facie qualified and entitled to vote." *Smith v. Bd. of Education*, 174 Ga. 735, 741 (2) (164 SE 41) (1932). The list of registered voters "absolutely" controls, so as to bar from voting one whose name does not appear thereon. *Smith v. Bd. of Education*, supra at 735 (2) (b).

It is undisputed that Appellant's name does not appear either on the list of municipal electors or on the Secretary of State's official list of eligible and qualified voters. Compare *Malone v. Tison*, 248 Ga. 209 (282 SE2d 84) (1981). Therefore, he was ineligible to vote, and could not cast a ballot for himself or for any other candidate for public office in this state. Because he was not registered to vote, he did not meet the constitutional requirements to hold the office that he sought. Therefore, the trial court correctly held that Appellee was the duly elected mayor.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 13, 2004.

*Betty Walker-Lanier*, for appellant.

*Reinhardt, Whitley, Wilmot & Summerlin, Robert C. Wilmot, Sowell & Sandifer, T. Mark Sandifer*, for appellee.